# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM JOHNAKIN,<br>  Plaintiff,<br><br>v.<br><br>BERKS COUNTY JAIL SYSTEM, *et al.*,<br>  Defendants. | :<br>:<br>:<br>:<br>: CIVIL ACTION NO. 18-CV-749<br>:<br>:<br>: |

FILED
JUN 2 6 2018
KATE BARKMAN, Clerk
By_____Dep. Clerk

## ORDER

AND NOW, this 25th day of June, 2018, upon consideration of Plaintiff William Johnakin's Second Amended Complaint (ECF No. 15), it is **ORDERED** that:

1. The Clerk of Court shall **AMEND** the docket to reflect that the Defendants named in the Second Amended Complaint are: (1) Berks County Jail System; (2) Berks County Public Defenders Office; (3) Judge Theresa Johnson; (4) Berks County District Attorney's Office; (5) Warden Quigley; (6) Chief Deputy Warden Smith; (7) Officer Drosdak; (8) Berks County, PA; and (9) City of Reading, PA.

2. The Second Amended Complaint is **DISMISSED** for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with the exception of Johnakin's claims against Officer Drosdak in her individual capacity, as set forth in the Court's accompanying Memorandum. Any claims that are barred by *Heck v. Humphrey* are **DISMISSED without prejudice** to reassertion in the event Johnakin's sentence is invalidated. Johnakin is not given leave to file a third amended complaint at this time.

3. The Clerk of Court is specially appointed to serve written waiver requests on the remaining Defendant, Officer Drosdak, pursuant to Federal Rule of Civil Procedure 4(d), to effect waiver of service. The waiver of service request shall be accompanied by a copy of the

Second Amended Complaint, as well as a copy of this Order and the accompanying Memorandum, and shall inform the Defendant of the consequences of compliance and failure to comply with the request. The request shall allow the Defendant at least 30 days from the date it is sent (60 days if addressed outside any judicial district of the United States) to return the signed waivers. If a signed waiver is not returned within the time limit given, the Clerk of Court shall issue a summons and transmit the summons and a copy of the Second Amended Complaint to the U.S. Marshals Service for immediate service under Fed. R. Civ. P. 4(c), along with a copy of the Court's Order and accompanying Memorandum.

4. All original pleadings and other papers submitted for consideration to the Court in this case are to be filed with the Clerk of Court. Copies of papers filed in this Court are to be served upon counsel for all other parties (or directly on any party acting *pro se*). Service may be made by mail. Proof that service has been made is provided by a certificate of service. The certificate of service should be filed in the case along with the original papers and should show the day and manner of service. An example of a certificate of service by mail follows:

> "I, (name), do hereby certify that a true and correct
> copy of the foregoing (name of pleading or other paper)
> has been served upon (name(s) of person(s) served) by
> placing the same in the U.S. mail, properly addressed,
> this (day) of (month), (year).
>
> _____
> (Signature)"

5. Any request for court action shall be set forth in a motion, properly filed and served. The parties shall file all motions, including proof of service upon opposing parties, with the Clerk of Court. The Federal Rules of Civil Procedure and local rules are to be followed. Johnakin is specifically directed to comply with Local Civil Rule 7.1 and serve and file a proper

response to all motions within fourteen (14) days. Failure to do so may result in dismissal of this action.

6. Johnakin is specifically directed to comply with Local Rule 26.1(f) which provides that "[n]o motion or other application pursuant to the Federal Rules of Civil Procedure governing discovery or pursuant to this rule shall be made unless it contains a certification of counsel that the parties, after reasonable effort, are unable to resolve the dispute." Johnakin shall attempt to resolve any discovery disputes by contacting defendant's counsel directly by telephone or through correspondence.

7. No direct communication is to take place with the District Judge or United States Magistrate Judge with regard to this case. All relevant information and papers are to be directed to the Clerk.

8. In the event a summons is returned unexecuted, it is Johnakin's responsibility to ask the Clerk of Court to issue an alias summons and to provide the Clerk with the Defendant's correct address, so service can be made.

9. The parties should notify the Clerk's Office when there is an address change. Failure to do so could result in court orders or other information not being timely delivered, which could affect the parties' legal rights

BY THE COURT:

_____
**PETRESE B. TUCKER, J.**